# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:08CR7

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **DOMINIQUE TRACY SANDERS** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's motion for independent drug testing and analysis, filed April 30, 2008. Specifically, Defendant requests permission to inspect the crack cocaine which he is accused of possessing, in order to independently determine its weight.

Federal Rule of Criminal Procedure 16 provides in pertinent part:

Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

    (i)    the item is material to preparing the defense;
    (ii)   the government intends to use the item in its case-in-chief at trial; or
    (iii)  the item was obtained from or belongs to the defendant.

**Fed. R. Crim. P. 16(a)(1)(E).** "In cases involving a controlled substance, a concomitant part of the examination or inspection [is] the right of the accused to have an independent chemical analysis performed on the seized substance." ***United States v. Butler*, 988 F.2d 537, 543 (5th Cir. 1993) (alteration in original) (internal quotation marks omitted).**

"Fundamental fairness is violated when a criminal defendant on trial for his liberty is denied the opportunity to have an expert of his choosing, bound by appropriate safeguards imposed by the Court, examine a piece of critical evidence whose nature is subject to varying expert opinion." ***Barnard v. Henderson*, 514 F.2d 744, 746 (5th Cir. 1975).**

In this case, Defendant was indicted for possessing with intent to distribute crack cocaine, as well as use of a firearm in furtherance of drug trafficking. **Bill of Indictment, filed February 5, 2008, at 1.** According to the indictment, the drug possession "involved more than 5 grams of a mixture or substance containing a detectable amount of cocaine base." *Id.*

Defendant does not appear to dispute that the illegal substance which he is accused of possessing is indeed crack cocaine. According to the instant motion, however, the substance was weighed twice by the Government, with two different results. **Motion for Independent Testing**

**and Evaluation, filed April 30, 2008, at 2-3.** First, in a police report authored after Defendant's arrest, the cocaine is described as having a weight of 23.5 grams. *Id.* Later, a lab report from the SBI stated the cocaine weighed 21 grams. *Id.*

According to Defendant, if the cocaine weighs less than 20 grams, and he is in fact convicted of the charges in the indictment, he will be subject to a sentence 20 to 50 months lower than he would be if the cocaine weighed more than 20 grams. *Id.* **at 2-3.** These considerations, he claims, are crucial to his decision regarding a plea bargain offered by the Government. *Id.* **at 2.** Therefore, Defendant requests an opportunity to have an independent expert[1] re-weigh the cocaine a third time, in order to verify that it is, in fact, over 20 grams. The instant motion states that the Government objects to Defendant's request for a Rule 16 inspection.

There is no question that the crack cocaine falls under the purview of Rule 16(a)(1)(E), because it is a tangible object, within the Government's possession, custody, or control, which the Government intends to use in its

---

[1] According to the instant motion, Defendant's first choice of an expert is the SBI lab that originally tested the cocaine. **Motion for Independent Testing,** *supra***, at 4.** Defendant has also indicated that he has an independent forensic scientist who is willing to conduct this testing. *Id*.

case-in-chief. **Fed. R. Crim. P. 16(a)(1)(E)(ii).** Also, since Defendant is being charged with possession, presumably the cocaine was seized from Defendant. **Fed. R. Crim. P. 16(a)(1)(E)(iii).**

Accordingly, the only issue is whether Rule 16 allows for a third independent re-weighing as Defendant requests. In deciding this issue, the crucial consideration becomes the previous conflicting weights obtained by the Government, because they show that the weight of the cocaine is "evidence whose nature is subject to varying expert opinion." *Barnard*, 514 F.2d at 746. Thus, the undersigned concludes that Rule 16, along with the fundamental principles of fairness referenced in *Barnard*, require that Defendant be allowed to inspect the cocaine for the purpose of re-weighing the substance.

**IT IS, THEREFORE, ORDERED** that Defendant's motion for independent drug testing and evaluation is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the crack cocaine at issue in this prosecution be re-weighed in the presence of Defendant's independent expert.

**IT IS FURTHER ORDERED** that such re-weighing shall be conducted by the same SBI laboratory in Asheville which first tested the

substance, in such a manner as to preserve an unbroken chain of custody of the evidence.

**IT IS FURTHER ORDERED** that such testing shall take place in a prompt fashion, so as not to delay Defendant's trial currently scheduled for May 12, 2008.

Signed: May 1, 2008

Lacy H. Thornburg
United States District Judge