IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:08cr7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DOMINIQUE T. SANDERS. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Correct Judgment pursuant to Fed.R.Crim.P. 36 [Doc. 49].

In February, 2008, the Defendant was charged in a two count Bill of Indictment with possession with intent to distribute cocaine base and using and possessing a firearm during a drug trafficking crime, in violation of 21 U.S.C. §841(a)(1) & 18 U.S.C. §924(c)(1). [Doc. 1]. At the time of his indictment, the Defendant was in state custody. [Doc. 3; Doc. 4]. The Defendant was transferred to federal custody for prosecution pursuant to a Writ of Habeas Corpus *Ad Prosequendum* on April 1, 2008. [Doc. 9].

On May 7, 2008, the Defendant entered into a Plea Agreement with the Government pursuant to which he plead guilty to both counts of the Bill of

Indictment. [Doc. 12]. On October 23, 2008, the Government moved pursuant to U.S.S.G. §5K1.1 for a downward departure. [Doc. 21]. The Court granted that motion and on November 24, 2008, the Defendant was sentenced to serve 63 months imprisonment on Count One followed by a statutory mandatory minimum sentence of 60 months to be served consecutively on Count Two. [Doc. 25]. In imposing sentence, the Court ordered that the Defendant's federal sentence "shall run consecutive to the state sentences the defendant is now serving." [Doc. 25 at 2].[1]

The Defendant was returned to state custody to complete his state sentence on December 4, 2008. [Doc. 35]. At that time, a detainer was filed so that upon his release from state prison, he could be taken into federal custody. [Id.].

On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the Defendant's convictions on both counts and his sentence on Count Two. United States v. Sanders, 340 F. App'x. 162 (4th Cir. 2009). The Defendant's sentence on Count One was vacated and remanded for the Court to state in open court the particular reasons supporting the sentence on that count. Id. On remand, the Defendant received the same sentence which was

---

[1] Upon the retirement of the sentencing judge, Hon. Lacy Thornburg, the case was reassigned to the undersigned.

affirmed on direct appeal. United States v. Sanders, 392 F. App'x. 145 (4th Cir.), cert. denied __ U.S. __, 131 S.Ct. 1509, 179 L.Ed.2d 333 (2011).

The Defendant claims that he is entitled to credit for time served between the date the indictment was filed through March 23, 2009. [Doc. 49]. The Defendant was in state custody at the time he was indicted in federal court. He was transferred into federal custody for prosecution by federal authorities pursuant to the Writ of Habeas Corpus *Ad Prosequendum*.

> A prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. The receiving sovereign - in this case, the federal government - is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. For the purposes of computing [the Defendant's] sentence, therefore, the time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence.

Ruggliano v. Reish, 307 F.3d 121, 125 n.1 (3rd Cir. 2002), abrogated on other grounds U.S.S.G. §5G1.3, comment. (n. 3(e)); United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (writ *ad prosequendum* works a mere loan of the prisoner to federal authorities and not a change in custody); United States v. Fermin, 252 F.3d 102, 108 n.10 (2nd Cir. 2001); United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998).

The time the Defendant spent in state custody was credited toward his

state sentence. "Prisoners who are in state custody and are removed on a federal writ of habeas corpus *ad prosequendum* are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit towards their state sentence." Martin v. Lamanna, 2009 WL 690686 **6 (D.S.C.), affirmed 333 F. App'x. 796 (4th Cir. 2009); Hines v. Schult, 2009 WL 384043 (N.D.N.Y. 2009). The Defendant here received credit toward his state sentence for the period of time he was "on loan" to the federal authorities. 18 U.S.C. §3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of the offense for which the sentence was imposed ... that has not been credited against another sentence."). He is therefore not entitled to any relief.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Correct Judgment pursuant to Fed.R.Crim.P. 36 [Doc. 49] is hereby **DENIED**.

Signed: August 2, 2012

Martin Reidinger
United States District Judge

4