IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08 cr 07

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DOMINIQUE TRACY SANDERS. ) | |
| ) | |

**THIS MATTER** is before the undersigned pursuant to two motions, each seeking the same relief. One motion (#87) was filed by Defendant requesting that counsel be substituted for his present appointed attorney, Joel Schechet. The other motion (#88) is a Motion to Withdraw as Counsel of Record filed by Mr. Schechet. Upon the call of this matter on for hearing, it appeared that Defendant was present with his attorney, and the Government was represented through AUSA Tom Kent. From the statements of Defendant, Mr. Schechet and Mr. Kent, the undersigned makes the following findings.

**Findings.** Upon review of the file, the undersigned has found that a Petition (#80) has been filed alleging that Defendant has violated terms and conditions of his supervised release. The undersigned entered an Order of Detention (#86) after completing a detention hearing in this matter on June 9, 2017. This matter has not set for the hearing of the Petition before the District Court.

1

At the call of this matter, the undersigned made inquiry of counsel for Defendant as to whether or not, during the hearing of the motions, there could be confidential communications between Defendant and counsel that could be disclosed. The undersigned finds there is at least the potential of the disclosure of such communications and thus conducted a sealed proceeding and interview of Defendant and Mr. Schechet. This sealed proceeding shall appear of record.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not a motion for substitution of counsel should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motions herein, the undersigned has considered the following factors: (1) timeliness of the motions; (2) made an inquiry as to the reasons why the Defendant does not wish for Mr. Schechet to represent him further; and (3) whether or not there is such a conflict between the Defendant and Mr. Schechet that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

At the time of the hearing of these motions, the hearing of the Petition alleging

2

Case 1:08-cr-00007-MR-WCM    Document 90    Filed 07/26/17    Page 2 of 4

that Defendant violated terms and conditions of his supervised release has not been scheduled. As a result, the factor of timeliness is weighed in favor of granting the motions.

The undersigned made an inquiry as to the reasons for the conflict between the Defendant and Mr. Schechet. That inquiry shall appear of record in the sealed proceeding.

The undersigned has further examined the matter to determine whether or not the conflict between the Defendant and Mr. Schechet is such that there is a lack of communication between them preventing an adequate defense. Both Defendant and Mr. Schechet advised the Court that such a conflict does exist.

After considering all of the above factors, it appears there is sufficient time prior to the hearing of the Petition, that new counsel can be appointed to represent Defendant. As the result of the inquiry made by the undersigned and having conversations with Defendant and Mr. Schechet, it appears there is a lack of communication between Mr. Schechet and the Defendant that could prevent an adequate defense. As a result, the undersigned will enter an order granting the motions.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motions (#87) AND (#88) are

**ALLOWED.** It is further **ORDERED** that the Federal Defenders of Western North Carolina is directed to appoint substitute counsel to represent Defendant. It is further Ordered that Mr. Schechet shall provide new counsel with such documentation as is necessary to effect an orderly transfer of the representation of the Defendant to the new appointed counsel.

Signed: July 26, 2017

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge